# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERTA M. TRUMBO | § | |
| | § | |
| V. | § | A-17-CV-558-LY |
| | § | |
| PERFORMANCE BICYCLE SHOP | § | |
| | § | |

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff Roberta M. Trumbo's Motion for Appointment of Counsel (Dkt. No. 10) and Motion to Proceed *In Forma Pauperis* (Dkt. No. 11).[1] The District Court referred the above motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. STANDARD OF REVIEW

Trumbo asks the Court to appoint her an attorney. She contends that she does not have the financial resources to pay a lawyer. She further contends that he has contacted a number of different lawyers or legal services agencies, but that she does not have the financial resources to pay any of their fees or they would not take her case.

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In a civil case, however, a party does not have a right to appointment of counsel, and appointment is only appropriate in exceptional circumstances. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Jackson v. Cain*, 864 F.2d 1235, 1242. The burden of persuasion rests on the party requesting counsel. *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x 329, 333 (5th Cir. 2013).

---

[1] Trumbo has already paid the filing fee. Therefore, her Motion to Proceed *In Forma Pauperis* (Dkt. No. 11) is **DENIED AS MOOT**.

Title VII provides for the appointment of an attorney for a plaintiff upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In exercising its discretion, the Court should consider the following relevant factors: (1) whether the complainant has the financial ability to retain counsel; (2) whether the complainant has made a diligent effort to retain counsel; and (3) whether the complainant has a meritorious claim. *Caston*, 556 F.2d at 1309–11; *Neal*, 722 F.2d at 250. No one factor is conclusive. *Id.* Courts may also consider plaintiff's ability to present his or her case without the assistance of an attorney. *See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988).

## II. ANALYSIS

### A. Ability to Afford an Attorney

Though Trumbo has paid the filing fee in this case, to receive appointed counsel "a substantial showing of poverty as required to proceed *in forma pauperis* is not required." *Lee v. United States Postal Serv.*, 882 F.Supp. 589, 593 (E.D. Tex. 1995). "There need only be insufficient assets and income to enable [plaintiff] to afford an attorney to investigate and file [his] claim." *Id*. Trumbo has met the burden of showing she has insufficient assets. She is not currently employed, but receives a disability pension. She also has numerous financial obligations and few assets. Accordingly, this factor weighs in favor of granting the request for appointment of counsel.

### B. Efforts to Retain Counsel

To be eligible for appointed counsel, plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *Lee v. United States Postal Service*, 882 F. Supp. 589, 594

(E.D. Tex. 1995) (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)). The Fifth Circuit in *Caston,* noting that the statute provides for appointment of counsel in such circumstances as the court may deem just, found that the grant of such broad discretion should be limited by some guidelines. *Caston* further suggests that a significant factor is whether the movant has pursued the possibility of a contingent fee arrangement in her attempts to locate an attorney. *See Caston*, 556 F.2d at 1309. In her Motion for Appointment of Counsel, Trumbo indicated that she had contacted a number of private attorneys and/or law firms and that they had declined to represent her on this matter. She also contacted Rio Grande Legal Aid and Civil Rights Project but both declined to take the case. In addition, Trumbo contacted the Austin Lawyer Referral Service seeking a referral to a lawyer. Trumbo was reasonably diligent in her efforts to retain counsel.

**C.     The Merits of the Case**

The examination of the potential merits of the case is extremely important, "considering the unfairness of imposing service upon a member of the bar in a patently frivolous case." *Lee*, 882 F.Supp. at 594. This sort of review "is akin to a frivolousness review of a general *in forma pauperis* proceeding" pursuant to 28 U.S.C. § 1915 (d). *Id*. Frivolous suits are those without an arguable basis in law or in fact. *Id*. Therefore, the duty to screen for frivolousness includes (a) a determination of whether the case is based on a recognized legal theory, and (b) an initial assessment of the plaintiff's factual allegations in light of what plaintiff must eventually prove at trial. *Id*. The plaintiff's complaint is to be construed liberally when the plaintiff is *pro se*. *Id*.

Trumbo brings claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against her former employer Performance Bicycle Shop (Performance). 42 U.S.C. § 2000e, *et seq*. Trumbo alleges that she was "suspended indefinitely" and later terminated from her

position at Performance in retaliation for complaining about her working conditions. Trumbo's main complaint at Performance was that she disagreed with the managers' decision to address a fellow employee, Rachel Sanchez, by her preferred gender pronoun, and that she was forced to share a bathroom with Sanchez, a "biological male." Trumbo also claims that it was discriminatory against her that Sanchez was permitted to go on a women's recreational group ride. Trumbo alleges that Sanchez and several other employees, in retaliation for her complaints, (1) took apart a bicycle Trumbo had already assembled, (2) failed to show Trumbo how to complete a task on a new feature, and (3) performed Trumbo's job when she was on duty. Finally, Trumbo complains about two comments made by employees that she alleges created a hostile work environment.

Trumbo pursued her claims for harassment/discrimination and retaliation through the Equal Employment Opportunity Commission (EEOC). The EEOC determined that "it is unlikely that further investigation will establish a violation of" Title VII, and pointed to evidence that Performance investigated her complaints and took action. Dkt. No, 1 at 12. Thus, the EEOC declined to take further action. *Id.* EEOC findings are not dispositive, yet the determination not to pursue claims can be highly probative, *see Caston*, 556 F.2d at 1309, and is definitely probative to the present analysis of the strength of Trumbo's claims in relation to whether counsel should be provided to her without cost. Added to this, the Court's own analysis of the case is that Trumbo has not asserted claims that have a likelihood of success. None of the actions alleged would likely be found to support a valid sex discrimination claim, because none of the actions Trumbo contends were taken against her were based on *her* sex—which is an essential element of the claim she is trying to make. For example, Trumbo was not required to share a bathroom because she was female, but instead because *Sanchez* identifies as female. Similarly, the factual allegations of retaliation by

4

other employees do not appear to have been based on Trumbo's gender, or complaints of gender discrimination made by her. Trumbo has presented no allegations that her sex was a consideration in any of the actions taken by either other employees or managers. These allegations indicate that, at least with the information available at this time, Trumbo's claim is weak. Accordingly, this factor weighs against appointment of counsel.

**D.      Plaintiff's Ability to Present Her Case**

After reviewing Trumbo's *pro se* Complaint and filings in this case, it is evident that she has the ability to investigate and present her case adequately without the assistance of counsel. Trumbo has demonstrated sufficient writing skills and familiarity with the law to pursue this case *pro se*. This is additionally evidenced by her ability to complete the EEOC administrative procedures and timely file a case after exhausting those remedies. Moreover, neither the facts nor the legal issues involved in this case are so complex as to require appointment of counsel. Accordingly, the Court finds that Trumbo is capable of adequately presenting her case without the assistance of counsel.

## **ORDER**

For the reasons set forth above, Trumbo's Motion for Appointment of Counsel (Dkt. No. 10) is **DENIED**.

SIGNED this 9th day of February, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE